IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00883-NRN

CREATIVE ACRES, INC. and
MAXINE MAGER,

Plaintiffs,

v.

COLORADO FARM BUREAU INSURANCE COMPANY, a Mississippi Corporation,

Defendant.

---

## ORDER ON
## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
## (ECF No. 2)

---

### N. REID NEUREITER
### United States Magistrate Judge

This case is before the Court for all purposes pursuant to the consent of parties to magistrate judge jurisdiction, ECF No. 17, and an Order of Reference issued by Chief Judge Philip A. Brimmer, ECF No. 18.

Now before the Court is Defendant Colorado Farm Bureau's Insurance Company's ("CFBIC") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion to Dismiss"). ECF No. 2. Plaintiffs Creative Acres, Inc. and Maxine Mager ("Plaintiffs") filed a response, ECF No. 19, and CFBIC filed a reply, ECF No. 20. The Court heard argument from the parties on July 17, 2024. *See* ECF No. 23. Now, having taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law, the Court **ORDERS** that the Motion to Dismiss is **GRANTED**.

## PROCEDURAL HISTORY AND BACKGROUND[1]

In 2018, Plaintiffs' property was damaged by a fire that started at a neighboring outdoor shooting range owned by James and Monte Hazlet and insured by CFBIC. ECF No. 7 ¶¶ 5–7. In March 2019, Plaintiffs sued the Hazlets in Colorado state court.[2] *Id.* ¶ 29. The state court granted summary judgment in the Hazlets' favor on whether they owed a duty of care to Plaintiffs. *Id.* ¶ 31. On October 22, 2020, while a second summary judgment motion was pending as to vicarious liability regarding the Hazlet's son, who maintained the shooting range, James Hazlet died. *Id.* ¶¶ 32–33. The second summary judgment motion was also decided in the Hazlets' favor on December 3, 2020, and soon thereafter, Monte Hazlet died. *Id.* ¶¶ 35–36. The Hazlets' counsel did not move to substitute the couple's estate as a party after their respective deaths. *Id.* ¶¶ 34, 37.

On January 21, 2021, the state court awarded the Hazlets $47,693.25 in costs. *Id.* ¶ 39. Plaintiffs allege that a year later, CFBIC "caused the defense attorneys to move for entry of final judgment," which was entered on June 22, 2022. *Id.* ¶¶ 40–41. That judgment did not include the award of costs, so Plaintiffs allege that CFBIC "caused the defense attorneys to move for entry of judgment on the award of costs" on September 28, 2022, which was entered on October 27, 2022. *Id.* ¶¶ 42–44. Plaintiffs allege that CFBIC then "caused the defense attorneys to file a transcript of the judgment with the Adams County Clerk and Recorder." *Id.* ¶ 45.

---

[1] The following allegations are taken from Plaintiffs' Amended Complaint, ECF No. 7, and all non-conclusory allegations are presumed true for the purposes of the Motion to Dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] *Mager v. Hazlet*, Case No. 2019CV30458 (Adams Cnty. Dist. Ct.).

2

Plaintiffs' subsequent appeal was dismissed by the Colorado Court of Appeals in October 2023, although the court did not reach the merits of the case.

In this lawsuit, originally filed in state court, Plaintiffs bring claims against CFBIC for abuse of process, slander of title, and for declaratory relief. *Id.* ¶¶ 50–59. CFBIC removed the case to federal court pursuant to 28 U.S.C. § 1332 on April 2, 2024, ECF No.1, and filed the subject motion to dismiss the same day, ECF No. 2. CFBIC requests their attorneys fees pursuant to Colo. Rev. Stat. 13-17-101.

## LEGAL STANDARD

CFBIC seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1109. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two

prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## ANALYSIS

### I. Abuse of Process

Under Colorado law, a valid abuse of process claim must allege three elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage. *Active Release*

4

*Techniques, LLC v. Xtomic, LLC*, 413 P.3d 210, 212 (Colo. App. 2017) (citation omitted).

The second element—"an improper use of the process"—is "[t]he essential element of an abuse of process claim." *Id.* (citing *Sterenbuch v. Goss*, 266 P.3d 428, 439 (Colo. App. 2011)); *see also James H. Moore & Assoc. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994). The Colorado Court of Appeals has explained:

> Thus, although the litigant's motive may be important in determining whether there was an "ulterior purpose" for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process. Classic examples of the requisite improper use include the use of process to accomplish a coercive goal which is not the intended legal purpose of the process.

*James H. Moore & Assocs. Realty, Inc.*, 892 P.2d at 373 (citing *Aztec Sound Corp. v. W. States Leasing Co.*, 510 P.2d 897 (1973); *Scozari v. Barone*, 546 So.2d 750 (Fl. Ct. App. 1989)). Expanding on this element, the Court of Appeals for the Tenth Circuit quoted from a treatise:

> The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club. There is, in other words, a form of extortion, and it is what is done in the course of negotiation, rather than the issuance or any formal use of the process itself, which constitutes the tort.

*Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1118 (10th Cir. 2009) (quoting W. Page Keeton et al., *Prosser and Keeton on Torts* § 121, at 898 (5th ed. 1984)).

Plaintiffs allege that CFBIC is liable for abuse of process because it improperly sought and recorded a judgment in favor of deceased individuals. ECF No. 7 ¶¶ 50–52. They claim that this was done "to prevent Plaintiffs from being able to sell their land in Adams County." *Id.* ¶ 53. This claim fails for several reasons.

5

First, the Court agrees with CFBIC that Plaintiffs' allegations that CFBIC "caused" the Hazlets' counsel to move for and record the judgment are wholly conclusory and unsupported by any factual averments. CFBIC was not a party to the underlying litigation, and there are no plausible allegations that it was involved in directing how the case was litigated. In their response, Plaintiffs state that "the fact that the [Hazlet's] attorney did not have a client in the case supports the inference that the attorney was acting for the benefit of Defendant." ECF No. 19 at 5. But, as CFBIC notes, this ignores several other equally or more likely possibilities, such as the attorney acting on his or her own behalf, on behalf of the Hazlets' estate, or out of professional obligation. These allegations are therefore not entitled to the assumption of truth.

Moreover, Plaintiffs do not plausibly allege that obtaining and recording the judgment amounts to an "improper use of the process." Rule 54(f) of the Colorado Rules of Civil Procedure states that "[i]f a party dies after a verdict or decision upon any issue of fact, and before judgment, the court may, nevertheless, render judgment thereon." Colo. R. Civ. P. 54(f). In this case, the Hazlets were both alive when summary judgment was entered in their favor on the duty of care issue. James Hazlet died when their motion for summary judgment on vicarious liability was pending, but Monte Hazlet was alive when this motion was granted and the case was dismissed. Thus, the Colorado state court already determined that the entry of judgment was an appropriate and legitimate action permitted by the Colorado Rules of Civil Procedure and not, as Plaintiffs claim, "a nullity."

Given that the judgment was validly entered, the Court must also reject Plaintiffs' argument that "[t]here is no reason to record a null judgment other than to extort a

payment in exchange for clearing title if Plaintiffs want to sell the land or if some other judgment creditor forces a sale." ECF No. 17 at 2. Colorado law explicitly permits the filing of a judgment in the appropriate county clerk and recorder's office as a means of obtaining a lien on a debtor's property. *See* Colo. Rev. Stat. § 13-52-102(1). Recording a facially valid judgment is not an abuse of process. *See Mintz v. Accident & Injury Med. Specialists, PC*, 284 P.3d 62, 66 (Colo. App. 2010) ("[A]n ulterior purpose is one that the legal proceeding was not designed to accomplish."), *aff'd*, 279 P.3d 658.

Plaintiffs make much of the fact that the Hazlets' counsel did not file a motion for substitution under Colo. R. Civ. P. 25(a). There are two problems with this. First, the Defendant here, CFBIC, was not a party to that case and could not have filed the motion for substitution. Second, Colorado courts have held that while the attorney for a deceased defendant has a duty to notify the court and other parties in the action that her client has died, it is the responsibility of the plaintiff's attorney who receives notification of defendant's death to file motion for substitution. *See Farmers Ins. Grp. v. Dist. Ct. of Second Jud. Dist.*, 507 P.2d 865, 867–68 (1973) ("It seems quite basic and reasonable that a plaintiff's attorney who receives notification of the defendant's death has the responsibility to promptly initiate the necessary inquiries to determine the identity of a person to be substituted for the deceased defendant, and to file a motion for substitution in accordance with our Rules of Civil Procedure."). According to the Amended Complaint, the Hazlets' counsel filed a suggestion of death, as required by the rules. Plaintiffs cannot now hold CFBIC responsible for the failures of their own counsel to fulfil their countervailing obligations.

The Court concludes that the Hazlets' counsel's decision to move for and record

the judgment cannot be plausibly attributed to CFBIC, and, even if they could, the allegations as currently pled do not state a claim for abuse of process. This claim will be dismissed.

## II.     Slander of Title

"A valid slander of title claim must allege '(1) slanderous words; (2) falsity; (3) malice; and (4) special damages.'" *Mackall v. JPMorgan Chase Bank, N.A.*, 356 P.3d 946, 954–55 (Colo. App. 2014) (quoting *Skyland Metro. Dist. v. Mountain W. Enter., LLC,* 184 P.3d 106, 131 (Colo. App. 2007)). Special damages exist when there was some effect on the owner's ability to sell the property. *Id.* To show special damages, "at a minimum, the property must be on the market for sale, and the tort must create a cloud upon the title; then the expense of legal proceedings to remove the cloud on title satisfies the damages requirement." *Id.*

Here, the Amended Complaint does not allege that the Adams County property was for sale. Plaintiffs concede as much in their response but argue that they incurred attorney fees to clear the title in order to mitigate the damages they are claiming in a malpractice suit against their former attorneys. These costs cannot be considered "special damages" because they in no way affected Plaintiffs' ability to sell the property. Accordingly, Plaintiffs' slander of title claim does not allege special damages and must be dismissed. *See id.* ("Importantly, the complaint fails to allege that the property was on the market for sale. Therefore, the complaint fails to allege special damages and the district court properly dismissed it for failure to state a claim.").

Even if Plaintiffs had alleged special damages, the claim would still fail. First, the allegation that CFBIC "caused" the Hazlet's counsel to record the judgment is

8

conclusory, as is the naked assertion that CFBIC "acted with malice." Second, for the reasons discussed above, the judgment was facially valid. Therefore, Plaintiffs' claim that CFBIC "recorded with the Adams County Clerk and Recorder a false and derogatory statement about whether Plaintiffs owed money to deceased individuals" is plainly insufficient to state a claim.

Plaintiffs' slander of title claim is not adequately pled under Rule 12(b)(6) and must be dismissed.

### III.   Declaratory Relief

In their final claim for relief, Plaintiffs ask for declarations that they do not owe money to the Hazlets or CFBIC.

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," the Court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "[T]he question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts." *St. Paul Fire & Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).

The parties agree that the Tenth Circuit has identified five factors a district court should consider in determining whether to exercise its discretion to hear a declaratory judgment action:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

9

*Id.* at 1169 (quoting *State Farm & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)). Courts in this District have additionally looked to a sixth factor: "whether the declaratory judgment action is 'independent of and separable from the underlying action.'" *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1195 (D. Colo. 2018) (quoting *Constitution Assoc. v. N.H. Ins. Co.*, 930 P.2d 556, 561 (Colo. 1997)).

The Court declines to hear Plaintiffs' claim for declaratory relief. First, and most importantly, as the Tenth Circuit has noted, the Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury." *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1274 (10th Cir. 1989). That purpose is not served where, as in this case, the injury alleged (here, the judgment against Plaintiffs being entered and recorded) has already occurred. This is related to the second, fourth and fifth factors as well. A Colorado state court has already awarded costs and entered judgment against Plaintiffs, and in doing so, it rejected the arguments Plaintiffs raise in this case. Plaintiffs' appeal of this decision was dismissed. Therefore, a declaratory judgment in Plaintiffs' favor would likely increase friction between federal and state courts and improperly encroach upon state jurisdiction because it would necessarily involve a ruling contrary to the one made by the state court. Moreover, Plaintiffs have a better alternative remedy: they can seek post-judgment relief from the state court under Colo. R. Civ. P. 60(b). *See* Colo. R. Civ. P 60(b) ("On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) the judgment is void; . . . or (5) any other reason justifying relief from the operation of the judgment."). Declaratory relief from this Court under these circumstances is unwarranted and improper.

## IV. Attorneys Fees

As stated on the record at the July 16, 2024 hearing, the Court does not find that this lawsuit was substantially frivolous, substantially groundless, or substantially vexatious for the purposes of Colo. Rev. Stat. § 13-17-101. Plaintiffs were confronted with unusual circumstances—a judgment was entered against them and recorded on their property in the name of deceased individuals. While federal court is not an appropriate venue for their claims, the Court does not find that an award of fees is justified.

## ORDER

For the reasons set forth above, it is hereby **ORDERED** that Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 2) is **GRANTED** and Plaintiffs' Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**.

Dated:   November 6, 2024
         Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge